UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE GENERAL, LLC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:19CV2557 JCH |
| RYDER VEHICLE SALES, LLC., et al., | ) |
| Defendants | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendants Ryder Truck Rental Inc., Ryder Vehicle Sales, LLC., to Dismiss Case and Remove for Improper and Pretensive Joinder. (ECF No. 3). This case was originally before Magistrate Judge Baker. On September 8, 2019, Plaintiff filed a memorandum indicating that it did not intend to reply to the motions filed by Defendants. (ECF No. 11) On November 18, 2019, the Clerk instructed Plaintiff to submit notice regarding Magistrate jurisdiction. Plaintiff did not file such notice. On January 14, 2020 this case was reassigned. (ECF No. 12). The matter is ready for disposition.

**DISCUSSION**

Plaintiff in this case initially brought suit in the Circuit Court of St. Charles County, Missouri on August 2, 2014 against Defendants Ryder Vehicle Sales and Ryder Truck Rentals. (ECF No. 4, at 2). Plaintiff dismissed this case without prejudice on December 14, 2017, prior to the January trial date. *Id.*, ECF No. 3-5. On January 30, 2018, Plaintiff again filed an action against the parent company of Defendants Ryder Vehicle Sales and Ryder Truck Rentals. *Id.*, ECF No. 3-6. The case was then removed to this Court. (ECF No. 1). Defendants assert that this

1

Court has proper removal jurisdiction in this case because Defendant Bales has been fraudulently joined in this case. In support thereof, Defendants argue that Plaintiff's claim is not actionable pursuant to the Missouri statute of limitations, and Plaintiff cannot argue that Defendant Bales was unknown to it in any of the prior suits because she was deposed in the original lawsuit and has not been joined to any of Plaintiff's previous causes of action. (ECF No. 4, at 2). Plaintiff has not filed a Motion to Remand in this case and has indicated that it does not intend to file any responsive pleadings. (ECF No. 11). The Court will make a determination about jurisdiction in this case *sua sponte*.

## I. Fraudulent Joinder

Joinder of a defendant is fraudulent where there exists "no reasonable basis in law or fact" to support a claim asserted against it. *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015). *See Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011)(internal quotations and citation omitted) ("[A] plaintiff cannot defeat a defendant's right of removal by fraudulently joining a defendant who has no real connection with the controversy.")). "This reasonableness standard requires the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion." *Waller v. Blast Fitness Group, LLC*, 2015 WL 7737298, at *3 (E.D. Mo. Dec. 1, 2015). The question turns on whether the plaintiff might have a "colorable" claim against the non-diverse or resident defendant. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010), *cert. denied*, 132 S.Ct. 94 (2011). If not, the joinder is fraudulent, and dismissal of the defendant is proper. *Id.*; *see also Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 918 (8th Cir. 2014); *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (internal quotations and citation omitted) ("[I]f it is *clear* under governing state law that the complaint does not state a cause of action

against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained."). At all times Defendant, as the removing party alleging fraudulent joinder, bears the burden of proving the alleged fraud. *Waller*, 2015 WL 7737298, at *3 (citing *Orrick v. Smithkline Beecham Corp.*, 2014 WL 3956547, at *3 (E.D. Mo. Aug. 13, 2014); *Manning v. Wal–Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004)).

For Plaintiff to survive Defendants' fraudulent joinder challenge, there must be a reasonable basis for believing Missouri might impose liability against Defendant Bales. Defendants argue that there is no reasonable basis because Plaintiff's claims against Defendant Bales is barred under the Missouri statute of limitations.

Plaintiff brings Count III for fraudulent misrepresentation against Defendant Bales, and Count VI for negligent misrepresentation. (ECF No. 8, Petition). In Missouri, the statute of limitations for fraudulent and negligent misrepresentation is five years. Mo. Rev. Stat. §516.120 (4), (5). "A cause of action for fraud accrues at the time the defrauded party discovered or in the exercise of due diligence should have discovered the fraud." *Larabee v. Eichler*, 217 S.W.3d 542, 546 (Mo. banc 2008); *and see St. Louis Home Insulators, Inc. v. Burroughs Corp.*, 597 F. Supp 100, 103 (E.D. Mo. 1984). Under Missouri law, the statute of limitations begins to toll on Plaintiff's claim for negligent misrepresentation when the defendant allegedly breaches its duty and damages the plaintiff. *See, Kaufman v. C.R.A., Inc.*, 243 F.Supp. 721 (W.D.Mo. 1965)(Plaintiff's discovery of defendant's allegedly wrongful action was neither material nor controlling in determining the operation of the statute of limitations. Accrual for negligent misrepresentation began when the defendant breached its duty).

Plaintiff alleges that Defendant Bales made representations that the truck was in good working order. (ECF No. 8. at ¶14). Plaintiff alleges that between October 2013 and May 2014,

3

it had a number of problems with the truck. (ECF No. 8 at ¶19-28). On June 30, 2014, Plaintiff became aware that the truck had been involved in a front-end collision prior to Plaintiffs' purchase. *Id.*, ¶ 30. Therefore, the statute of limitations for fraudulent misrepresentation began to toll at the latest in June of 2014, and the statute of limitations for negligent misrepresentation began to toll even earlier when Defendant Bales allegedly breached her duty to the Plaintiff. Plaintiff's filing date of August 7, 2019 is beyond the five-year statute of limitation. Plaintiff has not asserted any arguments in its defense. (ECF No. 11). Therefore, Counts III and VI state no colorable action under Missouri Law and Defendant Bales has been fraudulently joined. Defendant Bales with therefore be dismissed from the case.

## II. Diversity Jurisdiction

Under 28 U.S.C. § 1441(a), a defendant may remove to this Court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs, and involves a controversy between citizens of different states. Such cases thus may be removed, provided none "of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand." *Byrd v. TVI, Inc.*, 2015 WL 5568454, at *1 (E.D. Mo. Sept. 21, 2015) (citation omitted); *see also In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993).

Plaintiff has not filed a Motion to Remand, therefore the Court turns to the face of Plaintiff's complaint. Plaintiff alleges in its Petition that Defendant Ryder Vehicle Sales is a Florida limited liability company, and that Defendant Ryder Truck Rental is a Florida corporation. Plaintiff does not allege that either of the remaining Defendants are residents of Missouri. (ECF No. 8, ¶¶ 3-4). Plaintiff Complaint further prays for damages in excess of $25,000.00 plus punitive damages and costs as to Count I, an additional award of actual and punitive damages as to Count II, damages in excess of $25,000.00 and costs for Count IV, and damages in excess of $25,000.00 and costs for Count V. Plaintiff has therefore plead that the controversy exceeds $75,000.00. The Court therefore has jurisdiction in this case.

## **CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 3) is GRANTED, Defendant Bales is terminated from the case.

Dated this 2nd day of March 2020.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT COURT