UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THE GENERAL, LLC.,

    Plaintiff,

v.                                        Case No. 4:19CV2557 JCH

RYDER VEHICLE SALES,
LLC., et al.,

    Defendants

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion of Defendants Anna Bales, Ryder Truck Rental, Inc., Ryder Vehicle Sales, LLC to dismiss Plaintiff's claims, filed on September 13, 2019. (ECF No. 5). Defendant Bales has been dismissed from the case. (ECF No. 13). This case was originally before Magistrate Judge Baker. On September 8, 2019, Plaintiff filed a memorandum indicating that it did not intend to reply to the motion of Defendants. (ECF No. 11) On November 18, 2019, the Clerk instructed Plaintiff to submit notice regarding Magistrate jurisdiction. Plaintiff did not file such notice. On January 14, 2020 this case was reassigned. (ECF No. 12). The matter is ready for disposition.

## BACKGROUND

Plaintiff brings the instant case for fraudulent misrepresentation, negligent misrepresentation and for breach of warranty relating to the condition of a commercial truck that Plaintiff purchased from Defendant Ryder Vehicle Sales, LLC in 2013. Defendant seeks dismissal of Plaintiff's claims. (ECF No. 5). In support thereof, Defendant states that Plaintiff entered a contract with Defendant on September 27, 2013; that October 28, 2013, Plaintiff took

1

delivery of the truck and received a thirty-day used vehicle limited warranty that warranted the engine, transmission, and rear axel. (ECF Nos. 6, 5-4). Plaintiff alleges that in the weeks following purchase, the truck experienced problems relating to a bent axel from a collision that occurred prior to Plaintiff's purchase of the vehicle. (Complaint, ECF No. 8, ¶¶ 19-30).

Plaintiff previously brought suit in the Circuit Court of St. Charles County, Missouri on August 2, 2014. (ECF No. 5-5). Plaintiff dismissed the case without prejudice on December 14, 2017. (ECF No. 5-2). Plaintiff then refiled in the Circuit Court of St. Charles County, Missouri on January 30, 2018, alleging claims against Ryder Systems Inc. The case was then removed to the district court and subsequently dismissed for lack of personal jurisdiction over Ryder Systems Inc. (ECF No. 5-6). Plaintiff again filed the instant case on August 7, 2019. (ECF No. 5). On September 13, 2019, Defendants filed a Motion to Dismiss Case and Remove for Improper and Pretensive Joinder. (ECF No. 3). The Court determined that Defendant Bales, the Missouri Defendant was improperly joined in this case and that jurisdiction was proper. (ECF No. 13). The remaining Defendants are Ryder Truck Rentals and Ryder Vehicle Sales.

## DISCUSSION

Defendants argue that the remaining Counts I, II, IV and V of Plaintiff's Complaint should be dismissed pursuant to Missouri's statute of limitations and the economic loss doctrine. (ECF No. 6).

I. **Counts I and II: Fraudulent Misrepresentation**

Plaintiff brings Count I for Fraudulent Misrepresentation against Defendant Ryder Vehicle Sales, LLC, and Count II for Fraudulent Misrepresentation against Defendant Ryder Truck Rentals Inc. (ECF No. 8. 6-10). In Missouri, the statute of limitations for fraudulent misrepresentation is five years. Mo. Rev. Stat. §516.120(5). "A cause of action for fraud accrues

2

at the time the defrauded party discovered or in the exercise of due diligence should have discovered the fraud." *Larabee v. Eichler*, 217 S.W.3d 542, 546 (Mo. banc 2008); *and see St. Louis Home Insulators, Inc. v. Burroughs Corp.*, 597 F. Supp 100, 103 (E.D. Mo. 1984). In Count I Plaintiff alleges that Defendant Ryder Vehicle Sales represented to the Plaintiff that the "Columbia [truck] (1) had undergone a 140-point inspection, (2) was 'road ready quality,' and (3) had received regular maintenance from 'expert mechanics.'" (ECF No. 8 ¶32). In Count II Plaintiff alleges that Defendant Ryder Truck Rental failed to disclose to Defendant Ryder Vehicle Sales that the truck had been involved in a prior accident. *Id.* at ¶ 45. Plaintiff alleges that Defendant Ryder Truck Rentals is liable to Plaintiff because the Plaintiff is a downstream purchaser of the truck and relied on Defendant Ryder Truck Rentals' omission. *Id.* at ¶ 46.

Plaintiff states that the alleged fraud was discovered on June 30, 2014, when its sole member, Bill Ntwali, obtained a Carfax report indicating that the truck had previously been in a collision. *Id.*, at ¶ 29. The instant complaint was filed on August 7, 2019. Defendant asserts that this is five-years and thirty-eight days from the date that Plaintiff discovered the allegedly fraudulent nature of Defendants' representations and omissions. (ECF No. 6, at 3). Plaintiff has not asserted any arguments in its defense. (ECF No. 11). The Court will dismiss Counts I and II as time-barred for exceeding Missouri's five-year statute of limitations.

    II.    **Count V for Negligent Misrepresentation.**

Plaintiff brings Count V for Negligent Misrepresentation against Defendant Ryder Vehicle Sales. (ECF No. 8, 11-12). Plaintiff alleges that Defendant Ryder Vehicle Sales failed to use ordinary care in its representations to Plaintiff that the truck "(1) had undergone a 140-point inspection, (2) was "road ready quality," and (3) had received regular maintenance from 'expert mechanics.'" *Id.* ¶¶ 72-78. Plaintiff asserts that Defendant Bales made representations that the

truck was in good operating condition. *Id.* ¶ 80. Plaintiff further alleges that problems were noticeable with the truck as soon as "one week after the sale" and that it continued to have problems "prior to the end of the 30-day warranty period" *Id.* ¶¶ 19-20. Plaintiff claims that it sustained damages beginning as early as November 2013 and as late as June 30, 2014 when Plaintiff received the Carfax report.

In Missouri the statute of limitations for negligent misrepresentation is five years. ¶Mo. Rev. Stat. § 516.120 (4). A cause of action for negligent misrepresentation accrues when damages are sustained and are capable of ascertainment. Mo. Rev. Stat. § 516.100. "Damage is sustained and capable of ascertainment when it can be discovered or made known, not when the plaintiff actually discovers the injury or wrongful conduct." *H.R.B. v. Rigali*, 18 S.W.3d 440, 443 (Mo. App. E.D. 2000)(citing *Harris- Laboy v. Blessing Hosp., Inc.*, 972 S.W.2d 522, 524 (Mo. App. E.D. 1998). Defendant asserts that Count V is time-barred. The Court agrees. Therefore, Plaintiff's claim for negligent misrepresentation against Defendant Ryder Vehicle Sales is dismissed.

III. **Count IV for Breach of Warranty**

Plaintiff brings Count IV for breach of warranty against Defendant Ryder Vehicle Sales. (ECF No. 8, at 10). Plaintiff asserts that Defendant Ryder Vehicle Sales gave Plaintiff a Used Vehicle Limited Warranty in exchange for Plaintiff's agreement to purchase the truck. *Id.* at ¶ 62. The covered components in the warranty included the engine, transmission, and rear axle. *Id.* at ¶ 66. Plaintiff asserts that the axel was bent at the time of the sale. *Id.* ¶ 67. Plaintiff gave notice to Defendant Ryder Vehicle Sales, but Defendant did not conform to the warranty. *Id.* ¶¶ 68-69. Defendant argues that Plaintiff's cause of action is time-barred under the Missouri Statute of Limitations. (ECF No. 6, at 5).

Missouri has adopted the Uniform Commercial Code. Mo. Rev. Stat. §400.1-101, *et seq.* In Missouri the statute of limitations for a contract of sales is four years. Mo. Rev. Stat. §400.2-725(1). A cause of action for breach of contract accrues when the breach occurs, whether or not the aggrieved party has knowledge of the breach. Breach of warranty occurs when tender of delivery of the goods is made, unless the warranty explicitly extends to future performance. Then, the action accrues when the breach is or should have been discovered. Mo. Rev. Stat. §400.2-725(2).

Defendant directs the Court to, *Weinberg v. Independence Lincoln Mercury Inc.*, in which the Missouri Court of Appeals held that where there was an express warranty for thirty-four months or 34,000 miles on an automobile, the purchaser's breach of warranty action began when the "transmission defect was or should have been discovered" subject to the limits of the express warranty. *Weinberg v. Independence Lincoln Mercury Inc.*, 948 S.W.2d 685, 690 (Mo. App. W.D. 1997). In this case, Plaintiff purchased the truck on September 27, 2013, and took possession of the truck on October 28, 2013. (ECF No. 8, ¶¶ 15, 17). The truck came with a thirty-day warranty that ended on November 27, 2013. Plaintiff argues that Defendant Ryder Vehicle Sales breached the warranty when it "failed to conform the Columbia [truck] to the express warranty after receiving timely notice from the Plaintiff." *Id.*, at ¶ 69. Defendant argues that the breach therefore occurred on June 23, 2014 when the Plaintiff claims that Defendant Ryder Vehicle Sales allegedly denied responsibility for the axel. *Id.* ¶ 29. Regardless of whether the Court determines that the breach occurred in November of 2013 or June of 2014, Plaintiff has failed to file this lawsuit before the four-year statute of limitations had run. Therefore, Count IV for breach of warranty will be dismissed.

## I. Savings Statute

The Court further notes that the deficiencies in Plaintiff's Complaint cannot be cured by Savings Statute. The Missouri Savings Clause allows the re-filing of suits within one year after a nonsuit even if the statute of limitations has otherwise run. Mo. Rev. Stat. §516.230. If a plaintiff voluntary dismisses a case without prejudice, as Plaintiff did here, there is a non-suit. *See, In re Estate of Klass*, 8 S.W.3d 906, 909 (Mo. App. S.D. 2000). "The one-year time period under [Missouri's savings clause] section 516.230 begins on the date the voluntary dismissal becomes effective, which is the date it is filled." *Grady v. Amrep, Inc.*, 139 S.W.3d 585, 591 (Mo. App. E.D. 2004)(citing *Kirby v. Gaub*, 75 S.W.3d 916, 918 (Mo. App. S.D. 2002)).

The time in which Plaintiff could use the Missouri savings statute to save her misrepresentation claims has lapsed. Plaintiff originally filed suit against Defendants Ryder Vehicle Sales and Ryder Truck Rentals on August 2, 2014. On December 14, 2017, Plaintiff voluntarily dismissed its claims. Therefore, the Missouri savings statute only preserved Plaintiff's misrepresentation claims until December 14, 2018. Plaintiff filed the instant case on August 7, 2019. The one-year savings statute is not available on Plaintiff's claim for breach of warranty. While the statute of limitations in contracts for sale in Missouri is four years, Mo. Rev. Stat. §400.2-725(3), indicates that an action that is commenced within the four year statute of limitations but is terminated by voluntary dismissal or for dismissal due to failure to prosecute, cannot be revived. Mo. Rev. Stat. §§400.2.0725(1), (3). Therefore, all of Plaintiff's claims are time-barred.

## **CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's claims are DISMISSED. A Judgement shall accompany this order.

Dated this 10th day of March 2020.

/s/ Jean C. Hamilton

JEAN C. HAMILTON
UNITED STATES DISTRICT COURT